# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**LATASHA HARPER,**

        Plaintiff,

   -vs-

                                 **Case No. 13-C-612**

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security,**

        Defendant.

---

## DECISION AND ORDER

---

Latasha Harper appeals from the denial of her application for social security disability benefits. Harper suffers from the following severe impairments, as found by the Administrative Law Judge: degenerative disc disease, abdominal pain, chest wall pain, asthma, low average to borderline intelligence, post-traumatic stress disorder, and depression. The ALJ further found that Harper has the residual functional capacity to perform light work with certain limitations and therefore is not disabled.

The Court must uphold the Commissioner's decision so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court reviews the record as a whole but does not substitute its judgment for that of the ALJ by reweighing evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000). Remand may be required,

however, if the ALJ "committed an error of law," or if the ALJ "based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, --- F.3d ---, 2014 WL 3361073, at *2 (7th Cir. July 10, 2014). The ALJ also has a "basic obligation to develop a full and fair record," and must "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Id.*

Regarding his formulation of a mental RFC, the ALJ found "mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties with concentration persistence and pace and no episodes of decompensation of extended duration." R. 33. Thus, the ALJ limited Harper to "1-2-step unskilled tasks that require no production or piece rate work, which can be learned by demonstration and for which there is only occasional contact with others." *Id.* Harper argues that this formulation was insufficient because the ALJ failed to consider the findings of two state agency doctors, both of whom found *moderate* (as opposed to mild) difficulties in maintaining concentration, persistence and pace (R. 521, Dr. Cremerius, and R. 576, Dr. Kojis); SSR 96-6p, 1996 WL 374180 (S.S.A.) (findings by state agency consultants cannot be ignored and the ALJ "must explain the weight given to these opinions in their decisions").

The Commissioner argues that this error was harmless, but "the fact that the administrative law judge, had she considered the entire record, *might* have reached the same result does not prove that her failure to consider the evidence was harmless. Had

she considered it carefully, she might well have reached a different conclusion." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (emphasis added). In this instance, if the ALJ had credited the opinions of Drs. Cremerius and Kojis, the result would have been a more restrictive RFC and a likely finding of disability. R. 104-08 (ALJ Q: "Poor or none ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, is that consistent with competitive employment?" … Vocational Expert A: "No, it's not."… ALJ Q: "If we said off task X amount, X percent of the time, absent constant supervision, what's the cutoff? Is it 10 percent, 20 percent, 15 percent? . . ." … VE A: "My, my opinion would be, once it gets more than 10 percent off task, they can't maintain employment."). Thus, it is not "predictable with great confidence that the agency will reinstate its decision on remand . . ." *Spiva*, 628 F.3d at 353.

The ALJ also failed to discuss the findings of Dr. Ramos, a psychiatrist, and Dr. Wells, a psychologist. The Commissioner argues that this evidence is irrelevant because it predates the relevant time frame for Harper's current application for benefits. As the ALJ explained, "res judicata would preclude a finding of disability any earlier than November, 2008, which was the month in which her last applications for Disability Insurance Benefits and Supplemental Security Income had been denied and not pursued further. . . . As such, primary focus will be on treatment records since then. While the Administrative Law Judge may briefly discuss some of the earlier treatment records, such discussion should in no way be interpreted as a de facto re-

opening of the earlier applications. *It is simply intended to provide a longitudinal perspective with regard to claimant's overall medical status*." R. 26 (emphasis added). The Court sees no reason why these opinions should not be considered as part of a "longitudinal" approach. In any event, some of the treatment records do in fact reach into the relevant time frame.

The ALJ at least mentioned the opinion of Harper's counselor, Jorena Lewandowski, but the ALJ rejected this evidence because the "global assessment of functioning estimates which had been offered by various psychologists who have examined claimant, as well as Ms. Lewandowski herself, all suggest claimant to be fairly functional." R. 32. First, the ALJ failed to explain what opinions were in conflict with Lewandowski's opinion. Second, the ALJ focused solely on Harper's GAF scores, ignoring the balance of the opinion which was clearly favorable to Harper's claim. An ALJ "need not mention every piece of evidence," but he cannot "cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).

Other reasons support remand, but the Court will not belabor the point. For example, the ALJ rejected Dr. Alloy's opinion regarding Harper's back pain because objective testing "failed to document any significant abnormalities," R. 31, but to the contrary, Dr. Purewal reported positive findings on examination of Harper's spine, prescribed a TENS unit and other medication, and advised Harper to continue with a chiropractor. R. 1074-76. The ALJ also erred in his analysis of Harper's daily living

activities when assessing Harper's credibility. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (noting the "critical differences between activities of daily living and activities in a full-time job . . .").

The Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 5th day of August, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**